Good morning, Your Honors. May it please the Court, my name is Jared Walker. I'm here on behalf of the head of Appellate, Charlene Hoth, in this appeal of the District Court's order denying the Tardy's Fees to my client under the Equal Access to Justice Act. May it please the Court, would you pull up the microphone? I apologize, I'm sorry. That's okay, thank you. If I may, Your Honors, I will try to reserve 90 seconds of my time, please. The District Court erred in this case, both legally and factually, in denying plaintiff's fee petition after the court's remand order. Factually, the District Court erred because this feature order is based on a mistaken belief that the claimant, Ms. Hoth, was represented by an attorney at the ALJ hearing. The record's a little bit, to me, confusing. I take it there was an attorney at the beginning who made an appearance, but then somebody from his office who was not an attorney was there with Ms. Hoth. At other points during the proceedings, is that right? Well, I'm not sure that that attorney ever made any appearance. Isn't there a statement at the beginning? Do you have all the evidence that you want or something like that? I thought the attorney at that point said you, so you're wrong. That was the non-attorney representative at the hearing. And on that point, Your Honor, I think it's important to note that the Commissioner's final decision adopted the ALJ decision, which on the first page, that's page 18 of Helen's excerpts, it states plainly the claimant was represented by a non-attorney named Michael Paul. Okay. Well, that leads to a question that I really wanted to ask you, which is, does it make a difference? Let's assume that the ALJ, in this case, doesn't fulfill the duty to supplement the record. Does it make a difference that the applicant was represented or unrepresented at the hearing? Isn't the ALJ's duty independent of that of counsel? I think it does make a difference in the sense that if the claimant was represented by a non-attorney under the McLeod case, I believe, 2011 decision from this court, that implicated a heightened duty to develop the record on behalf of the ALJ. A heightened duty in this court's holding McLeod, I believe, stated that the ALJ needed to be, quote, especially diligent in developing the record. Yes. Does that make a difference in this case? In other words, there is a duty, a general duty, to develop the record, to ensure that the record is developed now. As you said, if the applicant is not represented by an attorney, then maybe that becomes a more heightened duty. But the duty is still there regardless. So the question is, what do you say? Maybe it will meet the more heightened threshold, but not the regular threshold of developing the record. Well, I think in this case, under the Equal Access to Justice Act, whatever standard the ALJ was under to develop the record, failure to do so here was so egregious that under any standard, attorney's fees under EGIS should have been afforded, meaning that the government's decision I think in this case, it doesn't make a difference. So if you can remember, if your client had been represented by counsel at this proceeding before the ALJ and exactly the same things ensued, would the ALJ have had an obligation to develop the record? Absolutely. So in this case, I take it your view is it makes no difference whether she was represented or not. Our view is that it makes no difference simply because the error in developing the record was so improper by the ALJ such that there's no basis to say the government's position at the agency level met the standard of simple things. So here's just another question that's on a little bit different front. Your briefs are devoted to the notion that what was substantially unjustified was the ALJ's decision. When this case went from the agency to the district court, the government opposed the motion to remit it, correct? Correct. Are you claiming that the government's position in the district court was substantially unjustified? Absolutely. And as far as the district court's error in denying the attorney's fees under EJSA, I think that issue, whether the government was substantially justified in defending this case in court, that wasn't addressed. And so I think as— Did you argue it? Yes. Did you argue that with the district judge? Yes. It was the fourth argument we went forward with. I don't think the district judge ever reached it because she, the magistrate judge, found that in this case the ALJ wasn't, in effect, substantially unjustified or substantially justified in his decision. So I'm understanding the question, Your Honor. Sure. I want to know why the district court never reached that argument. Whether the ALJ government was substantially unjustified in its decision in the district court. We don't have an explanation for that. Well, what's your explanation? And as to why, I gather your position is that the government's position, litigation position, was not substantially justified.  And what's the reason for that? In other words, see, I think the problem is asking if, suppose, you know, it was absolutely a he-who-went-on-your-motion overall. But how much fees you're entitled to, it depends on whether or not your position was justified in the district court as well as before the commissioner. I think, Your Honor, that the answer to that question is whether we're entitled to fees, my client, depends on whether the government had substantial justification. How much are you entitled to? No, Your Honor, I believe the discourse holding in Meyer v. Colvin explained that. What matters is the result. Well, this is what I'm getting at. Suppose we argue that the government's position, you know, administratively was not substantially justified because the ALJ failed to develop the record right now. And there's nothing more in the district court to make the government's position not substantially justified now than fees. Should you get fees for the time you spent in district court? Yes, Your Honor. Well, for all of our efforts in attaining the result of. It wouldn't matter, I take it, if the government, I guess my question, could the government be substantially justified in defending the ALJ's record if the ALJ wasn't substantially justified in entering it? I think the court said that would be the unusual case. And particularly here where the failure to develop is egregious. Meaning on the record of that hearing, the ALJ told this claimant that three years of relevancy in the records that the ALJ didn't have. The claimant testified that she thought the ALJ did have. The ALJ obstructed the claimant. Those records didn't matter. Then let's not worry about those missing records. That sort of procedural error, I think, it's tough to understand why the government would be so vigorous in going forward to defend that procedural error rather than just accept a remand to go fix the problem and try to get it right. Well, if they didn't accept a remand, you'd still be claiming fees from the administrative procedure commission. Well, our fees would be substantially reduced. What was the brief yesterday? 12. Raising your claim of the government's inaction as an advocate at the district level and also the ALJ's conduct in failing to defend it. Yes, Your Honor. And as far as the district court's legal error, the major legal error here is that the district court was required to consider both. Both the substantial justification of the agency at the agency level and then also in defending in court. And the district court's error or district court's mutual order doesn't address at all whether the government was substantially justified in defending in court. And that's a legal error. You actually saved some time for me, so I'm sorry. Thank you. We'll hear from the government. Is this the court to hear all in front? I think you called it a call for the mayor. I think she's been supplanted. I know, but this stuff moves so fast that we're just respectful of the names you put on the briefs. Okay. Well, we will make sure that when a disposition is made in this case that you have the correct name of the commissioner. I think it's the acting commissioner's name. I'm not seeing a barrier. No effect from January 28th, but I doubt it. As quickly as the government's position is that the district court was within its discretion in denying attorneys reasonable access to justice in our case. Can we look at this case backwards for a second? Sure. Let's assume just for purpose discussion. It wasn't egregious on behalf of the ALJ. The ALJ just made a mistake and, you know, we would ordinarily order fees because of what the ALJ did. I'm not saying that's where we end up. I'm concerned in this case that once the error became obvious, that the government nonetheless puts costs through a district court proceeding rather than simply saying, oh, you're right, let's remand it and let's get this error fixed. So was your litigation position substantially unjustified in this case? You first. I wrote the papers. It wasn't the first time I heard this. The administrative position, the position that the agency took as to the question of disability was reasonable, and that is entwined with the litigation position. If the ALJ had a reasonable basis to consider the record complete or sufficient to make a disability determination, then if he was reasonable in making those assumptions based on the representations of the claimant's attorneys, then it follows that it was reasonable to defend that decision as based on adequate record. I just had two questions about that. One, it's rather clear that the ALJ knew that there were several years of records, one of which went, I think, right up to the claim. On said date, it may be guessed that they weren't there and had a red flag for an ALJ. Even if an attorney said the record was complete, but whether it was an attorney or an attorney's representative to me doesn't make a big difference. Even in light of that representation, is that what ALJ is supposed to do? They do have a duty to develop the record when it's ambiguous, or the ALJ makes a finding that it's inadequate to allow for proper evaluation of the evidence. The ALJ didn't make such a finding. And arguably, the record was ambiguous, given that plaintiff's representatives consistently said that it was complete, never alleged that there was any material probative evidence missing from the record. The plaintiff herself testified through counsel that the record wasn't complete and that they had everything. So in those circumstances, it was reasonable for the ALJ. Is that how we match that up with the ALJ, say, on the record? I know that there's an absence of these records, but I'll proceed with that. Well, that goes to say that in that point, the ALJ knew that whatever representations that had been made about the completeness of the record weren't entirely accurate. But it was entitled to rely on the representations of the attorneys. Is this a real or just a hypothetical?  It appears, from case law outside this case, that he has appeared as an attorney for Avi Leibovich, who is consistently noted, even on the day of the hearing, as Klayman's representative. They experienced legal counsel. They helped Klayman file her application for benefits. They helped prepare for the hearing. And... Excuse me. Yes, that's a lot of people. But other cases have shown him to be an attorney, or at least presumes himself as an attorney. And apparently in the record of this decision, he appears both. He appears as an attorney at the hearing. He appears as a non-attorney representative in the ALJ's decision. In the context of the ALJ's decision, I just want to circle for you. You claim that it's represented by Michael Paul, non-attorney representative. Yes. At least on this record, the ALJ understood she wasn't representative of Johnson. Right. Yes. Does that make any difference to the hearing? No, there's still a duty to develop the record, whether Klayman's represented or not. But that's in tension with Klayman's burden of proof. This was a four-step decision, meaning that each of the four steps of the disability evaluation was a disability evaluation. It was Klayman's burden of proof to show that she passed that step. She produced none of the records that supposedly would have helped her in that. Prior to the period prior to her eligibility for benefits. So the technique in your position is because she lost out a bit of benefits in step five. Step four. Step four. And it generally didn't matter that she didn't have the records. Is that your position? No, no, no. So tell me what it is. Would the records have made a difference? It was Klayman's burden to produce records that would have made a difference. That's right. I understand. I'm asking you a different question. It's an error for a second, because you're not appealing the district court's remand. That's right. It's been remanded. Right. So on this case, we have to assume that there was error in the agency proceeding, correct? Yes, but not necessarily. Right. I'm just trying to figure out how important the error was with the records that were not admitted that made a difference in the disposition of this case. Well, the district court thought they might. And that's the law of this case. The law? That's the law of this case. Because she didn't appeal. So we have records that might have made a difference, of which the AOJ was aware of their existence. And why doesn't that make the AOJ's position, I think, that supplementing the records substantially a different justification? Because he reasonably relied on the position of consistent positions around administrative proceedings, that those records were not relevant to the question of disability by the plaintiff's attorneys. Well, this is what the district court says, or the conventionary judge of the order denying the AOJ fees. At the bottom of the page, it's up to page three. It's just a key sentence. Although this court concluded that the records concerned treatment during the alleged onset of plaintiff's disability as a missing records and were therefore relevant to the ultimate determination of disability, the AOJ reasonably relied on the applicant's attorney to supply the relevant records. Yes. Well, that should be the end of the story then. I mean, in other words, the AOJ can't rely on the applicant's attorney to the exclusion of her own duty. She has a duty, but the claimant also bears her proof. So there is a tension between that duty and that burden, but it's understanded that neither claimant nor her attorneys ever bothered to produce or ever alleged that any relevant material records were missing from the record. Can I go back to the question I asked your opponent at the beginning? On the face of the AOJ's decision, we know the AOJ was aware that the person representing Ms. Hoth was another attorney. I think it's based on a couple of things. The attorney represented herself to make a difference. In other words, would the position of the AOJ have been more justified had Mr. Paul been an attorney or less justified? I don't think the law comes down on that question. Yes, it seems to me that if somebody is really represented by an experienced attorney, an AOJ might say, well, the attorney knows best, but if the person is represented by a non-attorney, I think the AOJ may be on a more heightened level of certainty, perhaps. But it was represented by attorneys throughout the case. That's not what this record shows. Besides the question of Michael Paul. At the hearing, we know that the AOJ understood that Ms. Hoth was represented by a non-attorney representative. She may have had an attorney who helped her in these proceedings or other ways, but at the hearing, the person there was Mr. Paul, correct? Yes. A non-attorney representative. Perhaps. You simply look around, maybe he may believe he was a lawyer on other occasions. I can't believe that he really was a lawyer, except that on attorney representatives. Well, he might have done that because she put down on the same form that her main attorney was. Okay. So, Michael, let's talk for a moment. Ms. Hoth, you're going to be flooring us. We have a non-attorney representative, correct? That's one way to put it. So, the AOJ looked at it and that's what the AOJ said? Yes. So, would your view then make a difference? No, I don't think so, because it's still a claimant's burden to produce evidence for impairments and how they affect her ability to work, and she never did that for that period. You're almost saying that that duty of the claimant overrides the AOJ's duty to ensure that there's a full-fledged law partner? No, that's not what you're saying. No, that's not what I'm saying. So, that's what you're saying, but your statement is correct. It has to be that duty, but in spite of that, the AOJ still has a duty to ensure that the record is developed, right? And the AOJ knew that these three years of record were missing. Who's her record right at the outset of the disability years? I don't have the answer to that question. Well, that's probably because they don't have the records, right? Right. But they were never going to let the list be proceeded by claimant or her attorneys. Well, in fact, I don't doubt the OASU's issue of whether or not she has a disability. The district court thought they might be, but given the fact that there's no other basis, what's the basis of finding that there was a disability? The AOJ's basis of finding a non-disability on the record before him, which is right back into 2007, and cover the period for which the claimant was eligible for benefits. Given that, that evidence, I'm disputing to show that she was not disabled. She was limited, functionally, but not disabled. I think there's an argument to be made that it's likely that evidence prior to that period of eligibility wouldn't necessarily show that she was much worse off during the period of benefits. She was found to not be disabled. And so, I mean, I think there's a question of whether those records are relevant. You've taken your time. I'm confused. You've responded to two questions. Thank you. Go ahead. Your Honor, very briefly, on the first excerpts, at pages 37 to 42, it makes clear that the claimant never testified the record's work was complete. To the contrary, she testified that she understood the ALJ had in his possession records from 2003, 2004, 2005, 2006, 2007. The ALJ, excerpts 37 to 42, states, no, I don't have those, and then goes on to say, even though those are relevant to your alleged period of disability, let's not worry about it. So, the argument that the claimant testified the record was complete is reverted, but the hearing transcript itself held. Did the ALJ ask Mr. Paul whether he would make it to a court hearing? The ALJ did not ask if Mr. Paul wanted the record left open. What the ALJ did ask, the outset is, is the record complete? Mr. Paul, in his publicity as a non-attorney representative, remarked, yes. The hearing testified to the contrary though. Counsel, thank you. Thank you. And we thank both counsel in this case. The case is submitted.
judges: Siler, Tashima, Hurwitz